**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

IN RE:

EL CANO DEVELOPMENT, INC.,

DEBTOR.

CASE NO. 16-08122 (EAG)

CHAPTER 11

FILED & ENTERED ON 12/10/2019

_____

**OPINION AND ORDER**

El Caño Development, Inc. ("Caño" or "debtor") moved for summary judgment on its objection to the proof of claim filed by Sucesion, or the heirs, of Gloria Flores Amy ("Sucesion" or the "heirs").  For the reasons stated below, the court denies both the summary judgment motion and the underlying objection to claim.

**I.      Jurisdiction.**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.).[1]  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

_____

[1]/Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended.  All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure.  All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico.  And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

II.     **Procedural History.**

On October 11, 2016, Caño filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  (Dkt. No. 1.)  On December 8, 2016, Sucesion filed its proof of claim in the amount of $452,472.13, wholly secured.  (Claims Register No. 1-1.) The claim corresponds to a prepetition judgment entered February 7, 2013 in a local court case for the collection of monies and mortgage foreclosure brought by Sucesion against the debtor.  Id.  Sucesion attached a copy of the 2013 judgment to the proof of claim in the Spanish language.  Id.  The claim is secured by a mortgage on Caño's property located in Guayanilla, Puerto Rico, which, per the proof of claim, is valued "at a minimum" of $452,472.13.  Id. The proof of claim has since been amended to $476,530.57, again wholly secured, to correct an error in the calculation of post-judgment interest.  (Claims Register No. 1-2; Dkt. No. 182.)

On January 10, 2017, Caño filed an objection to Sucesion's proof of claim, asserting that the local court judgment had been obtained through fraud.  (Dkt. No. 44.)  On February 16, 2017, a hearing was held on a motion to dismiss filed by Sucesion, in which Sucesion argued, among other things, that the case should be dismissed because the debtor was using the bankruptcy case as a means to appeal the local court judgment.  (Dkt. Nos. 32, 84 & 86.)  At the hearing, Caño informed this court that it had filed an action in local court to nullify the 2013 judgment.  (Dkt. Nos. 84 & 86.)  In light of this, this court denied the motion to dismiss and stayed the bankruptcy case pending the outcome of the local court proceeding. (Dkt. Nos. 32, 84 & 86.)  Specifically, this court held "as to the validity of the local court judgment, given that the debtor has itself filed an action to nullify the state court judgment, the court abstains on

2

that issue under section 305." (Dkt. Nos. 84 & 86.) Caño was tasked with updating the court on the status of the nullification suit every three months. Id.

On April 9, 2019, in response to an order to show cause for failure to provide any status update on the local court action, Caño informed that its nullification suit had failed and that the Puerto Rico Court of Appeals had reaffirmed the 2013 judgment. (Dkt. No. 132.) With the case no longer stayed, Sucesion filed its opposition to the objection to claim on May 8, 2019. (Dkt. No. 144.)

On July 23, 2019, Caño moved for summary judgment on its objection to claim. (Dkt. No. 170.) Sucesion has since opposed, and the debtor has replied. (Dkt. Nos. 184, 185 & 203.)

## III.    Uncontested Facts.

In its motion for summary judgment, the debtor sets forth only the following uncontested facts, which this court adopts pursuant to Rule 56 and Local Civil Rule 56, made applicable to these proceedings by Bankruptcy Rules 9014(c) and 7056 and Local Bankruptcy Rules 1001-1(b) and (d):

Caño and its president issued two promissory notes on April 6, 1988, one in the amount of $140,570.00, the other for $50,605.20. (Dkt. No. 170 at p. 8; Dkt. No. 185 at p. 2.) The two notes were guaranteed by two mortgages on the debtor's real property in Guayanilla, Puerto Rico. Id. The notes were issued for fair and valuable consideration, and they were not canceled as of the date Sucesion filed its local court action against the debtor.[2] Id.

---

[2] In its motion, the debtor also asserted that the mortgages guaranteeing the notes are pending cancellation in the property registry. (Dkt. No. 170 at p. 9.) The debtor, however, provided no record citation in support of this proposed fact, so the court will disregard it for purposes of summary judgment. L. Civ. R. 56(e). A separate section of the debtor's motion labeled "pertinent facts related to this controversy," also does not comply with Local Civil Rule 56(b)&(e), as the proposed facts therein are unsupported by any record reference, contain conclusory allegations, and/or are

The above facts are insufficient to grant summary judgment in the debtor's favor, nor do they even support the debtor's arguments in its objection to claim.  The 2013 local court judgment, however, which the parties concede  is now final and unappealable, and which this court–as will be explained below–gives res judicata effect, made findings of fact which are adopted herein.  (Dkt. No. 177.)  Briefly, the local court found:

In April 1988, Caño executed two promissory notes payable to bearer, one in the amount of $140,570.00, the other for $50,605.20.  (Dkt. No. 170-1 at p. 2.) The notes were guaranteed by mortgages on the debtor's property in Guayanilla, Puerto Rico.  (Dkt. No. 170-1 at pp. 2-4.)  As part of a business transaction with General Motors Overseas Distribution Corp. ("GMODC"), the notes were turned over to GMODC's legal counsel at the time, attorney Francisco Ponsa Feliu.   (Dkt. No. 170-1 at p. 8.) The underlying debt was paid in full in 1992 or 1993.  Id.

Attorney Ponsa Feliu passed away in 1993, and his widow, Gloria Flores Amy, died in 2005.  (Dkt. No. 170-1 at p. 6.)  Following her death, her heirs discovered the two promissory notes among her belongings. (Dkt. No. 170-1 at pp. 6-7.) The heirs did not find any document evidencing payment of the debt shown in the notes, nor do they know of any separate business transaction between the debtor and their father or mother that would have led to Mrs. Flores Amy possessing the notes.  Id.  After verifying that the notes had not been canceled, the heirs

---

intermingled with legal argument.   (Dkt. No. 170 at pp. 18-29.)  In its reply brief, too, the debtor includes proposed facts many of which are unsupported by any record citation.  (Dkt. No. 203 at pp. 2-4.) Therefore, to the extent the debtor intended to submit these proposed facts as part of its statement of material facts under Local Civil Rule 56(b), they are likewise disregarded.

sent a letter to the debtor demanding payment. (Dkt. No. 170-1 at p. 7.) Caño refused, leading to the local court litigation.[3] Id.

**IV.     Summary Judgment Standard.**

The standard for summary judgment is well known.  Pursuant to Rule 56, made applicable to these proceedings by Bankruptcy Rules 7056 and 9014(c), summary judgment is available "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010).  The moving party bears the burden of showing that "no genuine issue exists as to any material fact" and that  he is "entitled to judgment as a matter of law."  Vega-Rodríguez v. P.R. Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).

Once a properly supported motion has been presented before the court, the opposing party "can shut down the machinery only by showing that a trial-worthy issue exists" that would warrant the court's denial of the motion for summary judgment. McCarthy v. Northwest Airlines, 56 F.3d 313, 315 (1st Cir. 1995).  For issues where the opposing party bears the

---

[3]/The debtor submitted several documents in its motion for summary judgment and reply brief regarding a stipulation entered between the debtor, General Motors LLC, and GMODC, the latter two of which were third party defendants in the state court case, that the debtor concedes were already included in the state court case record but were not explicitly referenced in the 2013 judgment. (Dkt. No. 170 at pp. 11, 15; Dkt. No. 170-1 at pp. 19-28, 39-40; Dkt. No. 203 at pp. 3-4, 19-30.) Under the principle of res judicata, this court adopts the facts as stated in the 2013 judgment, and views any attempt to have the bankruptcy court re-examine the local court's factual findings as a de facto appeal of the 2013 judgment, which, as stated below, this court declines to do.

ultimate burden of proof, that party cannot merely "rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute." Id. However, not every factual dispute is sufficient to frustrate summary judgment; the contested fact must be material and the dispute over it must be genuine. Id. An issue is "genuine" if it could be resolved in favor of either party. A fact is "material" if it is potentially outcome-determinative. See Calero-Cerezo v. United States DOJ, 355 F.3d 6, 19 (1st Cir. 2004).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) (citations omitted). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted). However, there is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood (no matter how reasonable those ideas may be) . . . ." Greenburg v. P.R. Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987); see also Mulero-Rodriguez v. Ponte, Inc., 98 F.3d 670, 677 (1st Cir. 1996) (reversing summary judgment and emphasizing that "determinations of motive and intent . . . are questions better suited for the jury.") (quoting Petitti v. New England Tel. & Tel. Co., 909 F.2d 28, 34 (1st Cir. 1990))

**V.   Applicable Law and Discussion.**

Under the full faith and credit statute, a state-court judgment has the same preclusive effect in bankruptcy court as in that state's court. 28 U.S.C. § 1738. "The doctrines of res

judicata and collateral estoppel under both federal and state court jurisprudence preclude re-litigation of claims and/or issues which have been or could have been litigated in a prior judicial action for which judgment has been rendered." Sistemas Integrados De Salud Del Suroeste, Inc. v. Medical Educ. & Health Servs. (In re Medical Educ. & Health Servs.), 474 B.R. 44, 54 (D.P.R. 2012) (quoting Muñoz Rivera, et al. v. Walgreens Co., et al., 428 F.Supp.2d 11, 19 (D.P.R. 2006)). "Res judicata applies when the following exist: '(1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions.'" Gonzalez-Piña v. Guillermo Rodriguez, 407 F.3d 425, 429 (1st Cir. P.R. 2005) (quoting Breneman v. United States ex rel. F.A.A., 381 F.3d 33, 38 (1st Cir. 2004)).

In its objection to claim and motion for summary judgment, Caño argues that the 2013 local court judgment on which Sucesion's claim is based was obtained through fraud and therefore should not be given res judicata effect. (Dkt. Nos. 44 & 170.) Specifically, the debtor maintains that the heirs "knowingly and wilfully averred" to the local court that they were the holders in due course of the two promissory notes, which they inherited from their deceased father, but that they "knew or should have known with reasonable diligence" that their father was not the legal holder of the notes, but was instead only the notes' custodian on behalf of his client, GMODC. (Dkt. No. 44 at pp. 2-3.) The heirs counter that Caño is merely rehashing here in the bankruptcy court arguments previously raised and rejected by the local court. (Dkt. Nos. 144 & 184.)

In support of its position, the debtor cites primarily to Montalvo v. Banco Comercial de Mayaguez, 157 B.R. 510, 512 (D.P.R. 1993) for the principle that there is an exception to the

7

doctrine of res judicata where the original state court proceeding was obtained through fraud. However, that same case goes to state that this exception "itself contains a limitation when the claim of fraud has already been litigated in a prior action." Id. In support of this, the Montalvo court cited to the United States Supreme Court, which held: "[n]or can an attack be sustained on a judgment allegedly procured by fraudulent representations of the plaintiff, when the charge of fraud has been rejected in previous litigations by the parties to the suit in which the judgment was rendered, or their representatives." Heiser v. Woodruff, 327 U.S. 726, 736, 66 S. Ct. 853, 858 (1946). The reasoning behind the limitation is quite apparent, since, without it, "federal courts would move dangerously close to becoming appeals courts for final state judgments, destroying the stable but delicate balance of judicial powers that lies at the heart of our 'federal' system." Montalvo, 157 B.R. at 514.

Despite Caño's claims to the contrary, that is precisely what the debtor is trying to do here. Caño argues in its papers that the local court did not directly address whether the heirs were the holders in due course of the notes, contending that the court only resolved that there was no fraud in the execution of the promissory notes or in the execution of the mortgage deeds. (Dkt. No. 170 at p. 27.) The judgment, however, does not bear this out. Rather, it makes clear that the local court did consider and reject Caño's fraud argument, stating:

> [Caño] did not establish by the standard of preponderance that [the heirs] came into possession of the note[s] fraudulently, without good faith. The notes to the bearer claimed herein were in possession of [the heirs'] father and nothing in the evidence presented has established any sort of fraud in their possession or holding. [Caño's] testimonial evidence lacks personal knowledge or documentary evidence that would allow this Court to uphold its allegations of fraud. In addition, the notes presented do not show forgery, alteration or irregularity of any kind, and plaintiffs' alleged bad faith in their holding has not been proven. Given this evidence, this Court concludes that [Caño] was unable

8

> to defeat the presumption of good faith in [the heirs'] holding of the notes. [The heirs], as holders of the notes, have standing to claim their payment.

(Dkt. No. 170-1 at pp. 15-16, citations omitted).

Caño has tried several avenues to appeal the 2013 judgment, but has ultimately been unsuccessful. In fact, the Puerto Rico Court of Appeals, in a judgment dated November 30, 2018, sanctioned the debtor for its repeated attempts to re-litigate the case, stating:

> A simple review of the procedural history reviewed above is sufficient to conclude that El Caño has exceeded the limits of good faith and the sound exercise of judicial proceedings. It has insisted on appearing before the various forums to repeat allegations and arguments that have already been adjudicated in a final and unappealable manner. Its stubborn and reckless attitude is intolerable since, as stated by our brother panel in case KLCE201400640, instead of abiding by what has been resolved, in accordance with the decision of our Highest Forum, it has insisted in searching for subterfuges "to re-litigate the lawsuit and the issues already elucidated before the courts … thus delaying, evading and obstructing the execution of the Judgment against it, engaging in temerarious conduct which is an affront to the court and merits the most severe sanctions."

(Dkt. No. 184 at p. 7; Dkt. No. 196-1 at pp. 28-29.) On this basis, the Puerto Rico Court of Appeals imposed a $5,000.00 sanction on the debtor in favor of the heirs. Id.

At this point, it appears that Caño is simply trying to get yet another bite at the apple, seeking to have this court, in effect, reverse the unfavorable judgment the debtor received in 2013. This, the bankruptcy court may not do. Instead, this court gives res judicata effect to the 2013 judgment, which is final, and, on that basis, denies the debtor's motion for summary judgment and objection to claim.

In its motion for summary judgment, the debtor also argues that the heirs and/or their attorney should be referred to the United States Attorney's office for fraud based on their representation in the local court that the heirs were the good faith holders of the promissory

notes. (Dkt. No. 170 at pp. 14-15, 27.) To be clear, the debtor is not asserting that the heirs made false statements of fact to the local court, but rather that the heirs "deliberately misled" the local court about the appropriate legal standard. (Dkt. No. 170 at p. 15.) The bankruptcy court views this argument as yet another repackaged attempt to appeal the local court judgment and denies the requested relief for the same reasons given above.

**VII.    Conclusion.**

Based on the foregoing, the court hereby denies both Caño's motion for summary judgment at docket number 170 and its objection to claim at docket number 44.

IT IS SO ORDERED.

In Ponce, Puerto Rico, this 10th day of December, 2019.

Edward A. Godoy
U.S. Bankruptcy Judge

10